**September 9, 2011**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DEMARCO JAMAAL WHITE,

      Petitioner - Appellant,

v.

ANGEL MEDINA, Warden, L.D.F. and
THE ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents - Appellees.

No. 11-1245
(D. Ct. No. 10-CV-00282-MSK)
(D. Colo.)

---

**ORDER REMANDING CASE**

---

Before **BRISCOE,** Chief Judge, **MURPHY** and **MATHESON,** Circuit Judges.

---

      The United States District Court for the District of Colorado entered an order on

May 11, 2011, denying the 28 U.S.C. § 2254 habeas application of DeMarco Jamaal

White, a person incarcerated in the State of Colorado based on state murder convictions.

A judgment was entered that same day and Mr. White filed a timely notice of appeal,

thereby initiating this proceeding.

      In addition to denying substantive relief, the district court denied a certificate of

appealability. *See* 28 U.S.C. § 2253(c). In due course, Mr. White filed with this court a

combined opening brief and application for a certificate of appealability.

In its dispositive order, the district court stated that review of the eleven issues raised by Mr. White was necessarily indirect because, according to the court, it did not have the state court trial record available.  *See* Doc. 22, *Opinion and Order Denying Petition*, pp. 4-5, n.1.  The court made the determination nevertheless to "proceed in the absence of any trial record."  *Id*. at 5.  However, the district court did have available the state court trial record.  It was filed with the district court on April 8, 2011, and consists of "2 volumes of pleadings, 5 envelopes, and 21 volumes of transcripts."  *See* Doc. 21.  In addition to the entry on the docket, this court has further confirmed delivery of the state court trial record to the federal district court through the return receipt filed with the 2nd Judicial Denver District Court, No. 02CR4174, *People v. White*.

No appeal may be taken from a final order disposing of a § 2254 petition unless the petitioner first obtains a certificate of appealability from this court.  *See* 28 U.S.C. § 2253(c)(1)(A).  A petitioner is entitled to a certificate of appealability if he can make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  He can meet this burden by demonstrating "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).  Mr. White has requested a certificate of appealability from this court but the court cannot properly evaluate his request without knowing whether the district court's order denying his habeas application would have been the same had its review been based on the

2

voluminous state court trial record that was available.

Accordingly, the court **remands** this case to the United States District Court for the District of Colorado with instructions to vacate its judgment and to review again the claims of Mr. White, with reference to the state court trial record. Mr. White's motion seeking leave to proceed before this court *in forma pauperis* is **granted**. In light of this disposition, the court need not and has not considered whether any of the issues raised by Mr. White in his combined brief and application for a certificate of appealability demonstrate a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

There having been no judgment or substantive disposition by this court, no mandate will issue. Rather, this court fully relinquishes jurisdiction back to the district court effective with the entry of this dispositive order. This remand is without prejudice to the right of Mr. White to file a timely new notice of appeal if the district court again denies the relief he has requested in his habeas application.

The clerk of this court shall immediately transfer back the state court trial record that was transmitted from the federal district court to this court on June 21, 2011.

**Appeal dismissed**.

ENTERED FOR THE COURT

Douglas E. Cressler
Chief Deputy Clerk

3